JOHN A. MERRIAM *vs.* CHARLES STEARNS.

A guaranty for the fulfilment of a lease, executed and delivered on a Lord's day, between sunrise and sunset, is void under Rev. Sts. *c.* 50, although the lease itself be not executed until a week day following.

ASSUMPSIT upon a written guaranty by the defendant for the payment of the rent reserved in a certain lease from the plaintiff to one Manning. The lease was dated March 31st, 1849, and the guaranty was on the back without date. The guaranty was signed and delivered to the plaintiff on a Lord's day, between sunrise and sunset; but the lease, although then prepared, was not executed and delivered until a week day following. The defendant claimed that the guaranty, having been executed and delivered on the Lord's day, was, for that cause, not binding, under Rev. Sts. *c.* 50, but the presiding judge of the court of common pleas, *Mellen*, J. ruled otherwise, and the verdict was for the plaintiff. The defendant alleged exceptions.

*J. G. Abbott*, for the defendant.

*E. Buttrick*, for the plaintiff.

The lease in this case was signed by the lessor and lessee, and delivered on a week day, and the defendant's guaranty did not become a contract until the lease was so signed and delivered. *Lovejoy* v. *Whipple*, 18 Verm. 379; *Adams* v. *Gay*, 19 Verm. 358, 369; *Bloxsome* v. *Williams*, 3 Barn. & Cres. 232.

DEWEY, J. The written contract of guaranty sought to be enforced in the present action was wholly written and executed on the Lord's day, and within the hours of that day in which business and ordinary labor are prohibited by Rev Sts. *c*. 50, § 1, and therefore falls within the decisions of this court declaring such contracts illegal, unless the objection is obviated by the further facts in the case relating to the execution of the lease to which the guaranty refers. It is urged on the part of the plaintiff that this contract of guaranty was executed before the making of the lease, and did not take effect as a contract until the execution of the lease; and the lease having been executed on an after day, not the Lord's day, the guaranty may be considered as executed on the same day as the lease, and therefore not in violation of the statute prohibiting business on the Lord's day.

But the difficulty in the case is, that the contract of guaranty was wholly made and executed on the Lord's day. It may have had no legal vitality attached to it, until the subsequent execution of the lease, but that does not remove the taint that affects the guaranty, by reason of its being made in violation of the statute.

*Exceptions sustained.*